# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| In Re:  Harry M. Scrignoli, Jr.  Debtors(s) | Chapter 13  Case Number: 18-18285-amc |
|---|---|

**Motion of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2 For Relief from the Automatic Stay under 11 U.S.C. §362(d) With Respect to Property: 1447 RIDGEVIEW DR, LAKE ARIEL, PA 18436**

Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2 (hereafter referred to as "Movant").

2. Debtor(s), Harry M. Scrignoli, Jr. (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 1447 Ridgeview Dr, Lake Ariel, PA 18436.

3. On July 31, 2007, Harry M. Scrignoli, executed and delivered a Note in the principal sum of $159,300.00 to EquiFirst Corporation. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Harry M. Scrignoli, executed and delivered a Mortgage to MERS, Inc., as nominee for Equifirst Corporation. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Wayne County on August 9, 2007 in Book 3351, Page 228. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 1447 Ridgeview Dr, Lake Ariel, PA 18436.

6. By assignment of mortgage, the loan was ultimately assigned to Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2. A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtor(s) filed the instant Chapter 13 Bankruptcy on December 18, 2018 and, as a result, any state court proceedings were stayed.

8. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

9. Debtor's mortgage loan is in default and is currently due for the June 1, 2020 payment and each subsequent payment through the date of the motion. Debtor(s) has/have failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | |
|---|---|
| Monthly Payments in Default........................ | 07/01/2020 to 09/01/2020 |
| Monthly payments ($1,469.05 x 3) | $4,407.15 |
| Suspense Balance: ........................ | ($32.35) |
| Total Amounts Due as of September 23, 2020: | $4,374.80 |

10. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

11. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

12. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $154,183.00, with Movant's first lien against the property in the amount of $149,984.46. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule A/B is attached as Exhibit "D" and incorporated herein by reference.

13. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

14. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

          Respectfully Submitted:

          Stern & Eisenberg, PC

          By: /s/ Daniel P. Jones
          Daniel P. Jones, Esq.,
          1581 Main Street, Suite 200
          The Shops at Valley Square
          Warrington, PA 18976
          Phone: (215) 572-8111
          Fax: (215) 572-5025
          Bar Number: 321876

Date: September 23, 2020          Email: djones@sterneisenberg.com