UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| HARRY M. SCRIGNOLI | : | No. 18-18285-AMC |
| Debtor | : | |

| | | |
|---|---|---|
| Scott F. Waterman, Esquire, | : | |
| Chapter 13 Trustee | : | ADVERSARY ACTION NO. |
| Plaintiff | : | |
| | : | |
| | : | |
| Loancare, LLC | : | |
| Defendant | : | |

**COMPLAINT FOR TURNOVER AND VIOLATION OF THE AUTOMATIC STAY**

Scott F. Waterman, Esquire, Standing Chapter 13 Trustee, through his undersigned counsel, hereby files this Complaint for Turnover and Violation of the Automatic Stay against Defendant for failure to return plan overpayments, and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This is an adversary proceeding brought by Plaintiff for turnover under section 542 and violation of the automatic stay under section 362 of title 11 of the United States Code (the "Bankruptcy Code").

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), pursuant to 28 U.S.C. § 1409.

## PARTIES AND GENERAL BACKGROUND

5. The Plaintiff herein is Scott F. Waterman, Standing Chapter 13 Trustee, who maintains an office at 2901 St. Lawrence Avenue, Suite 100, Reading, Pennsylvania, 19606.

6. Defendant, Loancare, LLC ("Loancare"), is a limited liability company whose address is 3637 Sentara Way, Virginia Beach, VA  23452.

## FACTS

7. On February 26, 2019 Ditech Financial, LLC filed a secured Proof of Claim No. 7 listing prepetition arrears in the amount of $4,103.56 regarding a mortgage on the Debtor's residence. A copy of the first three pages of the claim is attached as Exhibit "A."

8. On March 28, 2019 the Debtor filed an Amended Plan providing for the payment in full of the prepetition arrears owed to Ditech which matched the prepetition arrears listed in the Proof of Claim.

9. Section 7(a)(2) of the confirmed plan included the standard Eastern District of Pennsylvania Chapter 13 Plan language that "Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in parts 3,4 or 5 of the Plan."

10. On May 29, 2019 this Court confirmed Debtor's Amended Plan.

11. On June 19, 2019 Ditech Financial, LLC filed a transfer of Claim to Loancare, LLC [Doc #36]..

12. Between September 23, 2019 through March 18, 2022 the Trustee disbursed the amount of $3,961.51 to Loancare regarding Proof of Claim 7.

13. On July 11, 2022 Loancare filed an amended proof of claim reducing the prepetition arrears from $4,103.56 to $3,199.84. A copy of the first three pages of the Amended Proof of Claim is attached as Exhibit "B."

14. However, by the time that Loancare filed the Amended Proof of Claim, the Chapter 13 Trustee's office already disbursed to Loancare the amount of $3,961.51, resulting in an overpayment to Loancare in the amount of of $761.67, ("Overpayments").

15. Plaintiff requested recovery of the Overpayments from the Defendant multiple times. Copies of the demands are collectively attached as Exhibit "C."

16. As of the date of the filing of this complaint the Trustee has not received the requested refund.

17. The amount requested to be refunded by Loancare is an asset of the bankruptcy estate which is to be paid to unsecured creditors.

**CLAIM FOR RELIEF**
**COUNT I: TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(a)**

18. Plaintiff hereby re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

19. Section 542(a) of the United States Bankruptcy Code provides, in pertinent part:

[A]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code],…shall deliver to the trustee, and account for, such property or the value of such property….

11 U.S.C. § 542(a).

20. Section 541 of the Bankruptcy Code provides that a debtor's estate is comprised of, subject to certain exceptions, "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

21. An overpayment to any creditor by a Chapter 13 trustee is property of the estate under 11 U.S.C. § 1306(a). *Ford Motor Credit Co. v. Stevens (In re Stevens),* 130 F.3d 1027 (11th Cir. 1997).

22. A Chapter 13 trustee has the right and duty to recover property of the estate held by a creditor. *Id*. See also *In re Glover*, No. H-10-1491, 2010 WL 3942892 (S.D. Tex. Oct. 7, 2010)(Notwithstanding discharge, bankruptcy court retained authority under § 105(a) to order trustee to recover overpayments to unsecured creditors and to distribute returned funds to CitiMortgage; bankruptcy court's order was intended to correct mistake concerning administration of payments under confirmed plan.).

23. Alternatively, 11 U.S.C. §1327(a) and the confirmed plan binds an overpaid creditor to disgorge all sums received in derogation of the confirmed plan. *See United States v. Richman (In re Talbot)*,124 F.3d 1201 (10th Cir. 1997).

24. The Overpayments are property of the Debtor's estate that is in Defendant's possession.

25. Defendant cannot complain about a recovery effectuating repayment of improperly paid funds. *In re Guild Music Corp.,* 163 B.R. 17, 18 (Bankr.D.R.I.1994) (the attempt to collect overpayments is not prejudicial to creditors who received monies to which they were not entitled under the confirmed plan).

26. Defendant has failed and refused to deliver the Overpayments to the Plaintiff.

27. Therefore, pursuant to 11 U.S.C. § 542(a), the Plaintiff is entitled to the turnover of the Overpayments.

### COUNT II: VIOLATION OF AUTOMATIC STAY UNDER 11 U.S.C. § 362(a)(3)

28. Plaintiff hereby re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

29. Section 362(a)(3) of the Bankruptcy Code provides, in pertinent part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession possession of property of the estate or of property from the estate or **to exercise control over property of the estate**."
11 U.S.C. § 362(a)(3)(emphasis added).

30. Defendant's withholding of the Overpayments is an act to exercise control over property of the estate in violation of the automatic stay.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief against Defendant as to Counts I and II of this Complaint, and that the Court enter judgment against Defendant as follows:

a. requiring Defendant to turnover or pay the Overpayments to, or on the order of Plaintiff in the amount of $761.67;

b. a determination that Defendant violated the automatic stay under section 362 of the Bankruptcy Code by withholding the Overpayment and directing the Defendant to deliver the Overpayment to the Plaintiff.

c. reimbursing Plaintiff for his reasonable attorney's fees and costs pursuant to Bankruptcy Rule 7054; and

    d.    granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 15, 2023

*/s/ Ann E. Swartz, Esquire*
Ann E. Swartz on behalf of
Scott F. Waterman, Esquire
Standing Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA  19606-0410
Telephone: (610) 779-1313
Fax: (610) 779-3637